

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RUSSELL J. HARLAN and<br>MALGORZATA-NATASZA CIMOSZEWICZ<br><br>Plaintiffs,<br><br>vs.<br><br>AGENJCA WYDAWNICZO-REKLAMOWA<br>"WPROST" SP. ZO.O, MAREK KROL,<br>FIJOR PUBLISHING, JAN M FIJOR,<br>MACIEJ RYBINSKI, and<br>LOWELL INTERNATIONAL CO.,<br><br>Defendants. | CIVIL ACTION NO. 7:05-2605-HFF |

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

This is a libel action seeking recovery under South Carolina law. The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Pending before the Court are the Fed. R. Civ. P. 12(b)(2) motions of Defendants Agenjca Wydawniczo-Reklamowa "Wprost" Sp. Zo.o, Marek Krol, Maciej Rybinski (the Wprost Defendants), and Lowell International Co. (Lowell) to dismiss the complaint for lack of personal jurisdiction. Based on the following, the Court will grant these motions.

## II.     FACTUAL AND PROCEDURAL HISTORY[1]

This action for libel arises as a result of three articles published in print and on the Internet by the Polish magazine *Wprost* in August and September of 2005.  These articles centered on a controversy involving Wlodzimierz Cimoszewicz, the father of Plaintiff Malgorzata-Natasza Cimoszewicz.  Specifically, the articles alleged that Mr. Cimoszewicz, who was a candidate for the Polish presidency at the time, was involved in a corruption scandal regarding shares of stock in certain Polish industries.  When Mr. Cimoszewicz testified that he had purchased shares of stock for his daughter and Plaintiff Russell J. Harlan, the Wprost Defendants printed articles which accused Plaintiffs of committing crimes in Poland and the United States–including tax evasion, money laundering, illegal loans, securities fraud, and conspiracy.  *Wprost* further indicated that these crimes could expose Plaintiff Harlan to potential disbarment in South Carolina.

The Wprost Defendants distributed the articles attacking Plaintiffs in its newspaper and over the Internet.  In the United States, Lowell distributed issues of *Wprost* which contained these articles.  According to Lowell–and Illinois corporation with its principal place of business in Illinois–the vast majority of these issues of *Wprost* were sold in Chicago and New York, with only one subscription and no newsstand copies sent to South Carolina.  Lowell has no other contacts with South Carolina.

On September 8, 2005, Plaintiffs filed the present suit.

## II.     STANDARD OF REVIEW

A plaintiff bears the burden of proving, by a preponderance of the evidence, that a court has personal jurisdiction over a defendant.  *New Wellington Financial Corp. v. Flagship Resort*

---

[1] The Court views the facts–and recites them here–in a light most favorable to Plaintiffs. *See infra* at 3.

*Development Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Where, however, the court addresses the issue of personal jurisdiction without conducting an evidentiary hearing, "the burden on the plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.* In making this prima facie showing, a plaintiff is entitled to deference, as a court must "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." *Id.* Thus, a plaintiff's initial burden is satisfied once he proffers well-pled allegations that jurisdiction exists. *Dowless v. Warren-Rupp Houdailles, Inc.*, 800 F.2d 1305, 1307 (4th Cir. 1986) (holding that "mere allegations" are sufficient to make a prima facie showing of jurisdiction if unchallenged by the opposing party).

  A plaintiff, however, must present affidavits or other evidence supporting jurisdiction over the defendant if the defendant counters the plaintiff's allegations with evidence that personal jurisdiction does not exist. *Clark v. Remark*, 993 F.2d 228 (4th Cir. 1993) (table) (citing *Barclays Leasing v. National Business Systems*, 750 F.Supp. 184, 186 (W.D.N.C. 1986)). Once both parties have presented evidence, factual conflicts must be resolved in favor of the party asserting jurisdiction for the purpose of determining whether he has made a *prima facie* showing of jurisdiction. *Id.* Accordingly, for purposes of the instant motion to dismiss, Plaintiffs must allege facts–not merely unsupported or conclusory allegations–which satisfy each element of the personal jurisdiction analysis. *See Lolavar v. de Santibanes*, 430 F.3d 221, 230 (4th Cir. 2005) (noting that "a plaintiff must allege specific facts connecting the defendant with the forum"); *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994) ("the court need not credit conclusory allegations") (cited in *Masselli & Lane, PC v. Miller & Schuh, PA*, 215 F.3d 1320 (4th Cir. 2000) (table)).

**III.    DISCUSSION**

In South Carolina, the usual two-step inquiry into personal jurisdiction is collapsed into one step.  Because South Carolina's long arm statute extends personal jurisdiction to the full reach permitted by the Due Process Clause, *Southern Plastics Co. v. Southern Commerce Bank*, 310 S.C. 256, 260, 423 S.E.2d 128, 130-31 (1992), a court need examine only whether its exercise of jurisdiction over a party would comport with due process requirements.  *Federal Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654, 657 n.2 (4th Cir. 1989).  In answering this inquiry, the Court uses a two-prong test.  First, a party must have minimum contacts with South Carolina.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985).  This prong can be satisfied by meeting any of three requirements: (1) the purposeful direction of activities or contact with South Carolina (purposeful availment); (2) connections with South Carolina such that a party should reasonably anticipate litigation here; or (3) the purposeful direction of activities at residents of South Carolina and litigation arises out of those activities.  *Id.*, at 472-75.  Once the first prong is satisfied, a presumption of proper jurisdiction arises, *id.* at 475-76, and the Court moves to the second prong.

This second prong requires that the exercise of personal jurisdiction be consistent with traditional notions of fair play and substantial justice.  *Id.*  In determining whether the "fairness" prong is satisfied, the Court examines factors such as the burden on the defendant who must litigate in South Carolina, the adjudicative interest in litigating in South Carolina, the plaintiff's interest in convenience, the Court's interest in judicial efficiency, and South Carolina's policy interest.  *Id.* at 477.  Only if both the minimum contacts and fairness prongs are satisfied is personal jurisdiction over a party proper.

Here, Plaintiffs assert that personal jurisdiction over Defendants is proper based on several alleged facts. First, Plaintiffs assert that the Wprost Defendants published libelous facts which "were knowingly and deliberately targeted at and calculated to cause injury to the Plaintiffs in South Carolina." (Pl's. Mem. Opp. Dis. 14.) Second, Plaintiffs contend that they suffered harm in their reputations in South Carolina, especially among the 1135 Polish-speaking residents of South Carolina. Third, Plaintiffs note that *Wprost* offers advertisements in English and aggressively targets English-speaking audiences through its Internet site. Finally, Plaintiffs point out that Lowell markets itself as a distributor of Polish magazines in the United States and that the Wprost Defendants maintain websites which are in both English and Polish. When aggregated, Plaintiffs argue, these facts establish that the Court has jurisdiction over Defendants.

The Court views the facts presented by Plaintiffs as true for purposes of these Fed. R. Civ. P. 12(b)(2) motions to dismiss for lack of personal jurisdiction. *New Wellington*, 416 F.3d at 294. Nonetheless, the Court concludes that these facts fail to establish that Defendants are subject to the jurisdiction of the South Carolina courts.

With respect to actions for libel, the United States Supreme Court has formulated specific guidelines for courts to use in determining whether the constitutional "minimum contacts" requirement for personal jurisdiction is satisfied. First, a defendant in a libel action is subject to the jurisdiction of a state's courts if its allegedly libelous publication achieves an adequate circulation in the state such that its contact with the state is not random, isolated, or fortuitous. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). In *Keeton*, the Supreme Court, using the circulation test, found that a magazine circulation of 10,000 to 15,000 in a state was not "random, isolated, or fortuitous" but was sufficient to meet the "minimum contacts" requirement. 465 U.S.

at 774. Here, in contrast, Defendants distribute only one magazine to South Carolina. In no way could this be viewed as other than an isolated contact, which normally would not be sufficient to satisfy jurisdictional requirements. When, however, the cause of action asserted by the plaintiff *arises out of* the single contact, a court may exercise personal jurisdiction over the defendant. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223-24 (1957). Yet in the instant case, there is no evidence in the record indicating that Plaintiffs' cause of action for libel arose out of the one contact between Defendants and South Carolina–that is that Plaintiffs suffered injury as a result of the publication of libelous articles to *Wprost's* one in-state subscriber. Thus, this isolated contact with South Carolina does not suffice to confer jurisdiction over Defendants.

Finally, Plaintiffs' attempt to satisfy the circulation test by pointing to Defendants' distribution of *Wprost* over the Internet also fails. Although the decisions relating to the establishment of minimum contacts through commercial activity over the Internet are relatively few, courts which have examined this issue have concluded that "the critical issue for the court to analyze is the nature and quality of commercial activity conducted by an entity over the Internet in the forum state." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (cited in *Brown v. Geha-Werke GmbH*, 69 F.Supp.2d 770, 778 (D.S.C. 1999)). Here, the record is devoid of evidence of the "nature and quality" of the Internet distribution of *Wprost* in South Carolina as well as the number of South Carolina residents who access *Wprost* via the Internet. Therefore, Plaintiffs fail to establish that jurisdiction exists under the circulation test.

Despite their failure to show that the circulation test has been met, Plaintiffs may defeat Defendants' motion to dismiss if they can make a *prima facie* showing which satisfies the "effects" test. Under this test, personal jurisdiction exists if the defendant's publication is directed at the

forum state; that is, if the forum state is "the focal point both of the story and of the harm suffered." *Calder v. Jones*, 465 U.S. 783, 788-89 (1984). In elaborating on *Calder*, the Court of Appeals has indicated that three elements are required under this standard: (1) the defendant committed an intentional tort; (2) the plaintiff felt the brunt of the harm in the forum, such that the forum can be said to be the focal point of the harm; and (3) the defendant expressly aimed his tortious conduct at the forum, such that the forum can be said to be the focal point of the tortious activity. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 398 n.7 (4th Cir. 2003).

In the instant case, prongs one and two of *Carefirst* are satisfied: Plaintiffs have presented adequately supported allegations indicating both that Defendants committed an intentional tort and that Plaintiffs felt the brunt of the harm in South Carolina. Plaintiffs fail, however, to present any facts to support their allegations that Defendants expressly aimed their tortious conduct at South Carolina. As noted earlier, Defendants made little or no effort to circulate hard copies of their publication in South Carolina. In addition, while Plaintiffs establish that Defendants disseminate *Wprost* over the Internet to English-speaking audiences, they make no showing as to any specific targeting of South Carolina residents. The Internet transmission of *Wprost* in English could be targeted to audiences in any number of English-speaking foreign or American states; yet the federal Constitution demands that South Carolina in particular be the "focal point of the tortious activity," *Carefirst*, 334 F.3d at 398 n.7., before the Court can exercise jurisdiction over Defendants. Simply placing *Wprost* into the stream of commerce, whether on paper or via the Internet, does not qualify as a minimum contact with South Carolina–even if copies of *Wprost* make their way to this State. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) ("[P]lacement of a product into

the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state.").

Finally, even if Defendants could have foreseen that *Wprost* would reach South Carolina, they engaged in no conduct by which they purposefully availed themselves of South Carolina's markets. *See Federal Ins. Co.*, 886 F.2d at 658 ("Foreseeability alone, however, has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause."). It is not isolated, random, or fortuitous–or even foreseeable–contact with South Carolina which is required. Rather, it is the intentional targeting of South Carolina residents which Plaintiffs must demonstrate. Having failed to do so, Plaintiffs have failed to meet their burden of making a *prima facie* showing that personal jurisdiction is proper.[2]

## IV.   CONCLUSION

In conclusion, Plaintiffs' allegations that jurisdiction exists initially sufficed to confer jurisdiction over Defendants. Once challenged, however, Plaintiffs were obliged to provide facts indicating that Defendants had the required minimum contacts with South Carolina. Because

---

[2] Plaintiffs do not assert that the Court has general jurisdiction over Defendants. Even had they done so, however, the Court would reject this argument. Because Plaintiffs have failed to show that Defendants had sufficient minimum contacts with South Carolina for specific jurisdiction to exist, they have, *a fortiori*, failed to demonstrate that Defendants have the even more substantial contacts required for general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-19 (1984). Furthermore, as the Court finds that Defendants lack minimum contacts with South Carolina, it does not address the second, or "fairness," prong used in personal jurisdiction analyses.

Plaintiffs failed to meet this burden, the Court finds that Defendants' motions to dismiss Plaintiffs' complaint for lack of personal jurisdiction should be, and hereby are, **GRANTED**.[3]

**IT IS SO ORDERED.**

Signed this 15th day of February, in Spartanburg, South Carolina.

s/ Henry F. Floyd  
HENRY F. FLOYD  
UNITED STATES DISTRICT JUDGE

---

[3] The complaint is dismissed only as to the Wprost Defendants and Lowell.  Defendants Fijor Publishing and Jan M. Fijor have failed to appear or plead in this action and are not parties to the instant motions to dismiss.